**SHER TREMONTE LLP**

September 20, 2024

**BY ECF**

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *McKinney v. Combs et al.*, 24-CV-03931

Dear Judge Buchwald:

      We write on behalf of Sean Combs, Bad Boy Entertainment LLC (named incorrectly as Bad Boy Entertainment LLC d/b/a Bad Boy Records), Bad Boy Entertainment Holdings, Inc., Sean John Clothing LLC, and Daddy's House Recordings, Inc. (together, the "Defendants," and without Mr. Combs, the "Corporate Defendants"), defendants in the above-captioned case. Pursuant to paragraph 2(B) of Your Honor's Individual Practices, we write to request a pre-motion conference with respect to the Defendants' intention to file a motion to dismiss the Amended Complaint ("AC") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claim is preempted by New York State law and fails to plead a viable theory of liability as to the Corporate Defendants.

**I.**     **The Amended Complaint**

      The AC asserts one cause of action pursuant to New York City's Victims of Gender-Motivated Violence Protection Law ("VGM"), N.Y.C. Admin. §§ 10-1101 *et seq*. Plaintiff alleges that "[o]n or about February 2003," when she was working as a model, an unnamed fashion designer invited her to attend a "Sean John Fall 2003 Fashion Show event." AC ¶ 40–41. The designer allegedly told her that "he would be introducing her to Combs which could advance her modeling career," and advised her how to dress so that Mr. Combs would find her attractive. AC ¶¶ 42–46. Plaintiff alleges she attended the event (a dinner), during which Mr. Combs told her he "was going to help her advance her career," "was flirtatious, bordering on leering," and "repeatedly refilled her glass with wine." AC ¶¶ 48, 54, 56, 57. After dinner, Plaintiff alleges Mr. Combs invited her to "see his studio Daddy's House," where Mr. Combs "regularly recorded albums . . . that were produced and released by Bad Boy Records." AC ¶¶ 61–62. While at the studio, Plaintiff smoked marijuana and drank alcohol. AC ¶¶ 70–71. Plaintiff alleges that that evening, Mr. Combs "kiss[ed] [Plaintiff] without her consent" and "forced her to perform oral sex on him" in a studio bathroom. AC ¶¶ 76–79.

      According to the AC, Mr. Combs was an employee and/or owner of the various Corporate Defendants. AC ¶¶ 15, 26–27, 29, 31–32. Plaintiff further alleges conclusorily that the "Corporate Defendants knew, should have known and/or had actual and

constructive knowledge of [Mr.] Combs' purported propensity for sexually harassing, assaulting, and/or drugging women." AC ¶ 102.

## II. Legal Standard

A complaint should be dismissed pursuant to Rule 12(b)(6) where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

## III. Argument

In our forthcoming motion to dismiss, we will demonstrate that the AC must be dismissed for at least two reasons. First, Plaintiff's claim is time-barred and preempted. Second, there is no basis for holding the Corporate Defendants liable.

### A. Plaintiff's VGM Claim is Time-Barred and Preempted

Plaintiff's reliance on a 2022 revival amendment to the VGM is misplaced. That amendment is preempted, barring Plaintiff's claim entirely. In 2000, the New York City Council (the "City Council") enacted the VGM, creating a new cause of action carrying a seven-year statute of limitations for adult victims of gender-motivated violence to assert claims against individual perpetrators. N.Y.C. Admin. Code § 10-1105. Plaintiff alleges the conduct took place in 2003. Thus, her claim expired in 2010.

Plaintiff purports to rely on the City Council's 2022 amendment to the VGM, which created a two-year revival period, lasting from March 1, 2023, through March 1, 2025, for expired VGM claims. N.Y.C. Admin. Code § 10-1105(a). That revival window, however, is preempted by New York State law. Where a state legislature has "enacted a comprehensive and detailed regulatory scheme in a particular area," a local government is "precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary." *DLJ Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001). Prior to the City Council's enactment of the VGM's revival window, New York State established a comprehensive statutory scheme governing revival windows for expired claims relating to sexual offenses. In 2019 and 2022, the New York State Legislature passed the Child Victims Act ("CVA") and the Adult Survivors Act ("ASA"), respectively, both of which created revival windows for claims relating to sexual offenses, including VGM claims. CPLR §§ 214-g, 214-j; *see also S.A. v. Bell*, Index No. 950279/2021, 2023 WL 8653131, at *1 (Sup. Ct. N.Y. Cnty. Dec. 14, 2023) (discussing VGM claim brought under CVA). Both of those revival windows have closed, on August 14, 2021, and

November 24, 2023, for the CVA and ASA respectively. *See Oawlawolwaol v. Boy Scouts of Am.*, No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880, at *1 n.1 (E.D.N.Y Sept. 24, 2021); *K.W. v. Cnty. of Rockland*, Index No. 035570/2023, 2024 WL 1868970, at *1 (Sup. Ct. Apr. 3, 2024). As the sole court to address the issue has held, because the VGM's revival window competes with New York's comprehensive scheme, it is preempted and cannot be used to revive a time-barred VGM claim. *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024). Accordingly, the AC, which alleges a single time-barred VGM claim, must be dismissed in its entirety.

  B. <u>The Corporate Defendants Cannot Be Held Liable for the Alleged Misconduct</u>

  Even if the VGM revival amendment were not preempted, the AC must be dismissed as to all Corporate Defendants. Under the original VGM, the Corporate Defendants cannot be held liable because they are not "individuals." In 2022, the City Council amended the VGM to extend liability from individuals to any "*party* who commits, directs, enables, participates in, or otherwise conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104 (emphasis added). But this amendment is not retroactive. Under New York law, there is a "'deeply rooted' presumption against retroactivity," *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020), that is overcome only when statutory "language expressly or by necessary implication" requires retroactive construction, *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023). There is no such language or implication in either the VGM or its amendment. Just as the VGM itself is not retroactive, *see, e.g.*, *Louis v. Niederhoffer*, No. 23-cv-6470 (LTS), 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023), neither is the amendment. Accordingly, the Corporate Defendants cannot be held liable for the conduct alleged here, which predates the 2022 amendment by nineteen years.

  In any event, Plaintiff fails to plead any basis on which the Corporate Defendants could be liable for Mr. Combs' alleged misconduct. The AC includes no allegations of any conduct on the part of any Corporate Defendant that facilitated the alleged misconduct. To the extent Plaintiff argues the Corporate Defendants are liable for Mr. Combs' alleged conduct by virtue of an employer-employee relationship, that theory is not viable because sexual assault "arise[s] from personal motives and do[es] not further an employer's business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144–45 (2d Cir. 2010). Likewise, liability cannot be imputed to the Corporate Defendants by virtue of Mr. Combs' ownership because Plaintiff alleges no basis for a "reverse piercing theory." *See Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997).

              Respectfully submitted,

               */s/ Erica A. Wolff*
               Erica A. Wolff
               Michael Tremonte

Judge Buchwald
September 20, 2024
Page 4 of 4

cc: All Counsel of Record via ECF