**PHILLIPS & ASSOCIATES**
*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

September 25, 2024

**Via ECF:**
The Honorable Naomi Reice Buchwald
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

              Re:    ***Crystal McKinney v. Combs, et. al.***
                     (Case: 24-cv-03931)

Your Honor:

    We represent Plaintiff Crystal McKinney in the above-referenced matter and write in opposition to Defendants' request for a pre-motion conference (ECF No. 26) to file their anticipated Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 19). Defendants argue that the NYC Gender Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1105, *et. seq.* ("GMVA"), is preempted by state law. Defendants fail to inform the Court that this baseless argument has already been rejected by the Appellate Division. Defendants' anticipated motion should fail, as Plaintiff's Amended Complaint (ECF No. 19, "Amended Comp.") has well-pled allegations of sexual assault, physical abuse, and/or forcible drugging in accordance with the requirements of the GMVA.

    **I.**    **Introduction**

    Plaintiff is a former model. (Amended Comp. ¶ 34-39). In February 2003, Plaintiff met Defendant Combs at the Sean John Fall 2003 Fashion Show, during which he plied her with alcohol. (*Id.* at ¶ 40). Following the event, Combs invited Plaintiff to Daddy's House Recording Studio, where Combs pressured Plaintiff to imbibe alcohol and take a hit of a joint. (*Id.* at ¶ 68-71). Upon information and belief, Combs provided Plaintiff with a laced joint, as she felt like she was floating after she took a hit. (*Id.* at ¶ 68-71). When Plaintiff became visibly intoxicated, Combs physically led her to the bathroom that adjoined the Demo Room. (*Id.* at ¶ 75). In the bathroom, Combs forced himself on Plaintiff, kissing her without consent, and coercing her to perform oral sex on him. (*Id.* at ¶ 77-79). Soon, Plaintiff's modeling opportunities dwindled, as upon information and belief, Combs had her "blackballed" and utilized his influence to impede her career. (*Id.* at ¶ 88-89). Plaintiff has suffered lifelong mental health and career injuries. (*Id.* at ¶ 88-98).

    **II.**    **Discussion**

    **The Validity of the GMVA:** The GMVA was passed in 2000 to "provide[] a civil cause of action for victims of crimes of violence committed because of gender…" *Breest v. Haggis*, 180 A.D.3d 83, 85 (App. Div. 2019, 1ˢᵗ Dep't). A crime of violence is "an act or series of acts that

would constitute a misdemeanor or felony against the person as defined in state or federal law… if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction." N.Y.C. Admin. Code § 10-1103. In 2022, the NYC Council passed a revival window allowing for plaintiffs to file previously time-barred GMVA claims until March 01, 2025. *Stein v. Rockefeller Univ. Hosp.*, 2024 NYLJ LEXIS 1662 at *4 (Sup. Ct., NY Cty., May 23, 2024).

In Defendants' attempt to dismiss this action, they fail to address binding Appellate Division precedent that contradicts Defendants' arguments that the GMVA is preempted by state law. In *Engelman,* the Appellate Division rejected a similar preemption argument: that the GMVA is preempted by CPLR 215(3) which created a one-year statute of limitations for assault and battery claims. *Engelman v. Rofe,* 194 A.D.3d 26 (1st Dep't 2021). Upholding the validity of the GMVA, the Division held that "[t]he VGM's [a/k/a GMVA's] construct is consistent with the City's 'broad policing power' to enact legislation to protect its residents from discrimination, including gender-related violence." *Id.* at 31. In reaching its conclusion, the Division held that in passing the New York State Human Rights Law, "the State has not preempted local anti-discrimination laws of general application [such as the New York City Human Rights Law]…" *Id.* at 31-32. Thus, the GMVA was not preempted by state law.

This Court has applied *Engelman* and rejected near identical preemption challenges to the GMVA. *Doe v. Gooding,* 2022 U.S. Dist. LEXIS 68607, at *5-*6 (S.D.N.Y. Apr. 13, 2022) (rejecting defendant's argument that the GMVA is preempted by the CPLR as "local antidiscrimination laws are generally not preempted by state law" and noting that the *Engelman* court is "the only Appellate Division to have considered the issue, and there is no indication that New York's Court of Appeals would decide otherwise").

Defendants fail to cite *Doe v. Gooding* altogether. Instead, Defendants cite to *Bellino v. Tallarico,* alleging that the *Bellino* court is "the sole court to address the issue." (ECF No. 26, p.3). In addition to that factual inaccuracy, *Bellino* is distinguishable. In *Bellino,* a plaintiff brought GMVA claims for an assault that occurred in 1975 when she was seventeen years old. *Bellino v. Tallarico,* 2024 U.S. Dist. LEXIS 56345 (S.D.N.Y. Feb. 21, 2024). Ruling on an unopposed motion to dismiss, the Court had to decide on the legitimacy of assault allegations that occurred about 25 years prior to the enactment of the GMVA. *Id.* at *1-*2. Noting that the "[t]his action would be untimely," the plaintiff's claims were found to be time barred. *Id.* at *2. Unlike in *Bellino*, Plaintiff's claims accrued after the passage of the GMVA in 2000. Thus, the case is inapposite.

The *Bellino* court's assertion that the GMVA is preempted by state law is arguably dicta. The time-barred claims "[are] [] sufficient ground[s] for deciding this case, and the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more..." *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 124 (2d Cir. 2020). Furthermore, the Court conducted no analysis on the preemption issue, and instead, cited to the defendant's briefing as legal support. As *Bellino* is a non-binding federal court decision whose dicta contradicts the Appellate Division's holding in *Engelman*, it bears no weight here, as the "intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court…" *Bangs v. Smith*, 84 F.4th 87, 99 (2d Cir. 2023).

2

**Corporate Defendants' Liability:** Defendants make further arguments that belie common sense, such as arguing that the Corporate Defendants cannot be held liable under the original GMVA, thus, the revival window would fail to revive any claims against these entities. However, Plaintiff's claims are pursuant to the amendments made to the GMVA law in 2022. The amended law unambiguously extends liability to "a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence" in addition to creating the revival window that suspended the statute of limitations for claims. N.Y.C. Admin. Code § 10-1104. As the courts "look first to the plain language of the statute[ ] as the best evidence of legislative intent," the plain language law explicitly states that the amendment became effective on January 09, 2022. N.Y.C. Admin. Code § 10-1105(a). *Kimmel v. State of N.Y.*, 29 N.Y.3d 386, 392 (2017). Although Defendants seek to avoid liability by citing the original text of the GMVA, a court must "apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Doyon v. U.S.*, 58 F.4th 1235 (Fed. Cir. 2023), *quoting* 416 U.S. 696, 711 (1974). Here, the Court must apply the 2022 amendment, as this is the statute in front of the court, and its black letter law states that the amended law became effective January 09, 2022.

Although Corporate Defendants also argue that sexual assault does not "further an employer's business," this is directly contradicted by Plaintiff's allegations that Combs utilized his position to make promises of career advancement and sexually assaulted Plaintiff at Daddy's House Recording Studio, his music studio, in front of Bad Boy Entertainment employees who were working on an album. (AC ¶ 27, 54, 102-114). Further, as alleged in the Amended Complaint, Corporate Defendants knew or should have known of Combs' propensity for violence, yet he was "allowed [] access to victims such as Plaintiff…" at the studio where he mixed, recorded, and engineered music to the benefit of Corporate Defendants. (*Id.* at ¶ 102-114). Plaintiff's allegations "permit [] an inference that [Corporate Defendants] as a reasonably prudent employer, exercising ordinary care under the circumstances, would have been aware of [Comb's] propensity to engage in the injury-causing conduct." *Ormond v. Weinstein, et. al.*, 952107/2023 (N.Y. Sup. Ct., Aug. 19, 2024) at *5 (NYSCEF No. 48) (denying Miramax's Motion to Dismiss a plaintiff's negligence claims, as the plaintiff "adequately alleged that Weinstein used his position at Miramax, and his power to greenlight financing on her project…to facilitate his assault on her.").

Plaintiff respectfully requests that Defendants' request be denied as their arguments are unavailing and the motion will only further delay justice being rendered.

Respectfully Submitted,

                                        **PHILLIPS & ASSOCIATES**
                                        **ATTORNEYS AT LAW, PLLC**

*/s/ Michelle A. Caiola*
Michelle A. Caiola, Esq.
Jonathan Goldhirsch, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
mcaiola@tpglaws.com
jgoldhirsch@tpglaws.com

4