# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. DAKOTA D. RAMSEUR** | PART | 34M |
| | *Justice* | | |

-----------------------------------------------------------------------------X

STEVEN STEIN, ALLEN MERMELSTEIN, THOMAS DEBLASIO, PATRICK MICHAELE, SEAN SHILLINGFORD, DORIAN JOHNSON

| | |
|---|---|
| INDEX NO. | 159929/2023 |
| MOTION DATE | 11/16/2023 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

THE ROCKEFELLER UNIVERSITY HOSPITAL,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 36, 39, 40, 42, 43

were read on this motion to/for                          DISMISS                          .

     In October 2023, plaintiffs Steven Stein, Allen Mermelstein, Thomas DeBlasio, Patrick Michaele, Sean Shillingford, and Dorian Johnson (hereinafter, collectively, "plaintiffs") commenced this action under the Victims of Gender-Motivated Violence Protection Law ("GMVL") against defendant The Rockefeller University Hospital (the "Hospital"), alleging that it employed Dr. Reginald Archibald and knew or should have known that Archibald was using his position as a pediatric endocrinologist to sexually abuse hundreds of children, including plaintiffs. In addition to their cause of action under the GMVL, plaintiffs assert ones for negligence and negligent hiring, retention, and supervision. On motion sequence 001, the Hospital moves for dismissal pursuant to CPLR 3211 (a) (5) and (a) (7). It contends that plaintiffs' claims are all time-barred since Archibald's alleged sexual abuse of plaintiffs took place between 1966 and 1992 and the GMVL Law—both as originally enacted in 2000 and as amended in 2022—cannot be applied retroactively to revive actions that, prior to enactment, were already time-barred. In opposition, plaintiffs contend that the New York City Council's 2022 amendment, in fact, operates retroactively to revive previously time-barred actions. For the following reasons, the Court finds that the GMVL Law does not apply retroactively; as such, the Hospital's motion is granted and the complaint is dismissed.

## DISCUSSION

     The New York City Council passed the GMVL in 2000 in response to the Supreme Court's decision in *United States v Morrison* (529 US 598 [2000]), which declared the federal Violence Against Women Act unconstitutional. As originally enacted, the GMVL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (*See* NYC Municipal Code Title 10, Chapter 11, § 10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended § 10-1104 to provide "any person

claiming to be injured by a *party* who commits, *directs*, *enables*, *participates in*, or *conspires in* the commission of a crime of violence motived by gender has a cause of action against such party." (§ 10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended § 10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought *under this chapter* that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired. Neither §10-1104 nor §10-1105 have express provisions that apply the GMVL to causes of actions accruing before its 2000 enactment.

In *JL v Rockefeller Univ.* (2023 NY Slip Op 31877 [U] [Sup. Ct. NY County 2023] [Tisch, J.]), this court found that neither the text nor the legislative history of the GMVL suggested that the law was intended to apply retroactively to claims pre-dating its 2000 enactment. (*Id*. * 11-12.) In his decision, Justice Tisch relied, in part, on *Adams v Jenkins* (2005 NY Misc. LEXIS 8685 [Sup. Ct. NY County 2005]), which weighed the presumption against retroactive legislation against the "equally settled maxim" that "remedial" legislation should be applied retroactively in the context of the 2000 GMVL. Ultimately, *Jenkins* also concluded that the original GMVL should not be given retroactive effect because it created a new substantive cause of action that would impair an entity's substantive rights and/or increase their liability based on their past conduct. (*Id*. at *6-7.)

Plaintiffs suggest *JL v Rockefeller* and *Adams v Jenkins* were incorrectly decided. The Court finds such arguments unpersuasive. Where legislation, "if applied to past conduct, would impact substantive rights and have retroactive effect, the presumption against retroactivity is triggered." (*Hasan v Terrace Acquisitions III* (224 AD3d 475, 476 [1st Dept 2024], citing *Matter of Regina Metro. Co. LLC, v New York State Div. of Hous. & Community Renewal*, 35 NY3d 332, 370 [2020].) To overcome this presumption, it takes a clear expression of legislative purpose to justify a retroactive application of a statute." (*Id*.) The expression of intent must be sufficient to show that the legislature contemplated the retroactive impact on substantive rights and intended the extraordinary result. (*Matter of Regina Metro*, 35 NY3d at 370-371.) As *Rockefeller* and *Jenkins* found, the GMVL undoubtedly created a new substantive cause of action with a substantially longer statute of limitations period—seven years—when compared against an analogous claim with a statute of limitations provided for by the CPLR—just three years. Again, to overcome the presumption against retroactivity that the Court must apply, plaintiffs must demonstrate a "clear expression" of intent by the City Council to apply the 2000 statute retroactively. This they have not done: other than citing the immediate effective date of the GMVL (which, according to *Gleason v Michael Vee, Ltd* (96 NY2d 117, 122 [2001]), *may* indicate "a sense of urgency"), plaintiffs have cited nothing in the legislative history of the act to suggest that the City Council even considered the issue of retroactivity.

Notwithstanding the implication that *JL v Rockefeller* was wrongly decided with respect to the 2000 GMVL, plaintiffs attribute special significance to Justice Tisch's concluding paragraph:

> "Interestingly, in January 2022, the New York City Council enacted an amendment to the GVA that, similar to the [Child Victims Act], modified the law to provide survivors with more opportunities to come forward with claims. The 2022 amendment created a two-year lookback window for survivors of gender-motivated violence to file lawsuits, *regardless of when the assault occurred…It appears plaintiff* [whose claims arose during the 1950s and 1960s] *now has the opportunity to separately pursue a GMVL action*."

In plaintiffs' view, this court has already held that the 2022 amendment applies retroactively to revive claims pre-dating the GMVL's 2000 enactment, and it did so, no less, against the same named defendant herein, meaning they are collaterally estopped from asserting this argument. However, as the Hospital contends, the court's actual holding is narrowly limited to whether the 2000 GMVL statute could be applied retroactively—not whether the 2022 amendments have such retroactive applicability. Hence, Justice Tisch's use of the "it appears" language in his decision. Moreover, the retroactive applicability of the 2022 amendments *could not* have been decided in that decision as the City Council enacted them after the motion to dismiss had been fully submitted. (*See* NYSCEF doc. no. 25, notice of motion in *JL v Rockefeller University* dated Dec. 7, 2020; NYSCEF doc. no. 26, Rockefeller memo of law in support of motion dated Dec. 7, 2020; NYSCEF doc. no. 27, plaintiff memo of law in opp. dated Jan. 29, 2021.) The above papers reveal that, in *JL v Rockefeller University*, the CPLR 3211 motion to dismiss was not based on the 2022 amendments and, accordingly, that JL's opposition focused on the retroactive effect of the 2000 law.

Even if the Hospital cannot be collaterally estopped from making the above arguments, plaintiffs contend that the 2022 amended GMVL may be applied retroactively. However, there are two problems with this argument. First, the text of § 10-1105 is clear: it is any civil claim or cause of action specifically "brought under this statute," whose applicable limitations period has expired, that is "hereby revived." Since the original GMVL did not revive claims pre-dating its enactment, the amendment to § 10-1105 clearly does not include these claims to be revived either. Second, if the 2022 amended GMVL were to apply retroactively to revive claims pre-dating the original GMVL's enactment, the substantive rights and liability of entities would be affected in one additional, critical manner. As the Hospital notes, the 2000 GMVL permitted victims to maintain a cause of action against their individual perpetrator—not against other entities whose conduct may have abetted the perpetrator; thus, if given retroactive application, it would open non-perpetrators to potential liability where the original GMVL had not done so. Again, to overcome the negative presumption, plaintiffs must demonstrate a clear expression that the City Council intended the law to operate in this manner. Yet they have failed to show that the City Council even considered this additional burden on non-perpetrator entities in deciding whether to apply the amended GMVL retroactively.

Federal courts have unanimously come to this same conclusion and held that the 2022 GMVL amendments do not revive claims that pre-date the law's 2000 enactment. In *Louis v Niederhoffer* (2023 US Dist. LEXIS 227003 [SDNY 2023]), the Southern District of New York relied on this court's decision *Adams v Jenkins* (2005 NY Misc. LEXIS 8685 [Sup. Ct. NY County 2005]) to dismiss GMVL claims based on a defendant's conduct from 1974 through

1979. In *Bellino v Tallarico*, Judge Lewis Kaplan of the Southern District of New York wrote, "as the [GMVL] was not enacted until approximately the alleged crime of violence occurred and does not even purport to be retroactive, the proposed amended complaint would fail to state a legally sufficient claim under that statute."

Since all of plaintiffs' claims pre-date the GMVL's 2000 enactment and are otherwise time-barred by the CPLR, the Hospital's motion to dismiss must be granted.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that defendant The Rockefeller University Hospital's motion to dismiss pursuant to CPLR 3211 (a) (5) and (a) (7) is granted and the complaint is dismissed; and it is further

ORDERED that counsel for defendant serve a copy of this order, along with notice of entry, on all parties within twenty (20) days.

This constitutes the Decision and Order of the Court.

| 5/23/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DAKOTA D. RAMSEUR, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| | X GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |