**SHER TREMONTE LLP**

January 7, 2025

**BY ECF**

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *McKinney v. Combs et al.*, 24-CV-03931

Dear Judge Buchwald:

      We write on behalf of Defendants Sean Combs, Bad Boy Entertainment LLC (incorrectly sued herein as Bad Boy Entertainment LLC d/b/a Bad Boy Records), Bad Boy Entertainment Holdings, Inc., Sean John Clothing LLC, and Daddy's House Recordings, Inc. (together, the "Defendants," and without Mr. Combs, the "Corporate Defendants"), defendants in the above-captioned case, pursuant to paragraph 2(C) of Your Honor's Individual Practices, to briefly outline the substantive arguments advanced in Defendants' motion to dismiss the Amended Complaint (the "AC").

      Plaintiff's claim is preempted by New York State law and fails to plead a viable theory of liability as to the Corporate Defendants.

      A.    <u>Plaintiff's VGM Claim is Time-Barred and Preempted</u>

      The AC asserts one cause of action pursuant to New York City's Victims of Gender-Motivated Violence Protection Law ("VGM"), N.Y.C. Admin. §§ 10-1101 *et seq*. The VGM was enacted by the New York City Council (the "City Council") in 2000, creating a new cause of action carrying a seven-year statute of limitations for victims of gender-motivated violence to assert claims against individual perpetrators. N.Y.C. Admin. Code § 10-1105. Plaintiff alleges the conduct at issue took place in 2003. Accordingly, her claim expired in 2010, more than fourteen years before she filed it.

      In an attempt to resuscitate her time-barred claim, Plaintiff relies on the City Council's 2022 amendment to the VGM, which created a two-year revival period, lasting from March 1, 2023, through March 1, 2025, for expired VGM claims. N.Y.C. Admin. Code § 10-1105(a). That revival window, however, is preempted by New York State law. Where a state legislature has "enacted a comprehensive and detailed regulatory scheme in a particular area," a local government is "precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary." *DLJ Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001). Prior to the City Council's enactment of the VGM's revival window, in 2019 and 2022, the New York State Legislature passed the Child Victims Act ("CVA") and the Adult Survivors Act ("ASA"), respectively, which

established a comprehensive statutory scheme governing civil claims for sexual assault: in addition to extending the statute of limitations for certain sexual offenses going forward, the New York State Legislature enacted revival windows for expired claims relating to sexual offenses, including VGM claims. CPLR §§ 214-g, 214-j; *see also S.A. v. Bell*, Index No. 950279/2021, 2023 WL 8653131, at *1 (Sup. Ct. N.Y. Cnty. Dec. 14, 2023) (discussing VGM claim brought under CVA). The New York State Legislature also instructed the judiciary to promulgate rules for the adjudication of revived actions brought pursuant to the CVA and ASA (N.Y. Judiciary L. §§ 219-d, 219-e).

The CVA revival window closed on August 14, 2021. The ASA revival window closed on November 24, 2023. *See Oawlawolwaol v. Boy Scouts of Am.*, No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880, at *1 n.1 (E.D.N.Y Sept. 24, 2021); *K.W. v. Cnty. of Rockland*, Index No. 035570/2023, 2024 WL 1868970, at *1 (Sup. Ct. Apr. 3, 2024). Plaintiff initiated this lawsuit on May 21, 2024, roughly six months after the ASA revival window closed, claiming her suit was timely under the VGM.

Defendants are aware of two judges who have addressed the issue of whether the ASA and CVA preempt the VGM. Those two judges (both in this District)—the Honorable Lewis Kaplan and the Honorable Jessica G.L. Clarke—reached different conclusions, with Judge Kaplan holding the ASA and CVA preempt the VGM and Judge Clarke holding the CVA does not preempt the VGM. *Compare Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024), *appeal withdrawn*, 240763, 2024 WL 3170987 (2d. Cir. Apr. 4, 2024), *with Doe v. Combs*, 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024), and *Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *2-7 (S.D.N.Y. Sept. 27, 2024). For the reasons forth in detail in our motion papers, the weight of authority supports Judge Kaplan's conclusion. Because the VGM's revival window conflicts with New York's comprehensive scheme, it is preempted and cannot be used to revive a time-barred VGM claim.

B. <u>The Corporate Defendants Cannot Be Held Liable for the Alleged Misconduct</u>

Even if the VGM revival amendment were not preempted, the AC must be dismissed as to all Corporate Defendants. Under the original VGM, the Corporate Defendants cannot be held liable because they are not "individuals." In 2022, the City Council amended the VGM to extend liability from individuals to any "*party* who commits, directs, enables, participates in, or otherwise conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104 (emphasis added). But this amendment is not retroactive. Under New York law, there is a "'deeply rooted' presumption against retroactivity," *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020), that is overcome only when statutory "language expressly or by necessary implication" requires retroactive construction, *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023). There is no such language or implication in either the VGM or its amendment.

Judge Buchwald
January 7, 2025
Page 3 of 3

Every court that has addressed whether the VGM's 2022 amendment applies retroactively has held that it does not. *See Bensky v. Indyke*, No. 24-cv-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024); *Combs*, 2024 WL 4987044, at *2-3. These decisions concerning the prospective application of the 2022 VGM amendment are consistent with numerous other decisions holding that the primary provisions of the VGM are not retroactive. *See, e.g.*, *Louis v. Niederhoffer*, No. 23-cv-6470 (LTS), 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023) (dismissing VGM claim as to incident that pre-dated the VGM's enactment); *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554, at *1 (N.Y. Sup. Ct. Apr. 22, 2005) (same). Accordingly, the Corporate Defendants cannot be held liable for the conduct alleged here, which predates the 2022 amendment by nineteen years.

The VGM claim against the Corporate Defendants fails for the additional reason that the AC does not allege facts sufficient to give rise to an inference that each of the Corporate Defendants enabled the alleged misconduct. Instead, it rests on impermissible group pleadings, speculative allegations of knowledge, and generalized statements about employment and ownership. Such allegations are insufficient to impute any liability to the Corporate Defendants. *See, e.g.*, *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (N.Y. 2002) (employer cannot be liable for acts of its employee "those acts were committed in furtherance of the employer's business and within the scope of employment"); *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) (corporation not liable for owner's acts); *Cort v. Marshall's Dep't Store*, No. 14-cv-7385, 2015 WL 9582426, at *1, 5 (E.D.N.Y. Dec. 29, 2015) (that assault occurred on corporate premises was insufficient, without more, to hold corporation liable).

For the foregoing reasons and the reasons set forth in Defendants' motion papers, Plaintiff's Amended Complaint should be dismissed with prejudice. Defendants thank the Court for its consideration and respectfully request oral argument on the Motion to Dismiss.

Respectfully submitted,

*/s/ Erica A. Wolff*

Erica A. Wolff
Michael Tremonte
Katie Renzler

cc:   All Counsel of Record via ECF