# PHILLIPS & ASSOCIATES

*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

January 8, 2025

**Via ECF:**
The Honorable Naomi Reice Buchwald
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    ***Crystal McKinney v. Combs, et. al.***
                 (Case: 24-cv-03931)

Your Honor:

    We represent Plaintiff Crystal McKinney in the above-referenced matter, and write jointly with Defendants Sean Combs, Bad Boy Entertainment LLC (sued herein as Bad Boy Entertainment LLC d/b/a Bad Boy Records), Bad Boy Entertainment Holdings, Inc., Sean John Clothing LLC, and Daddy's House Recordings, Inc. (collectively referred to as "Defendants" and together with Plaintiff, the "Parties").

    The Parties write to respectfully request that the Court accept as timely their respective letters outlining their substantive arguments to accompany the opening papers and opposition papers pursuant to paragraph 2(C)(1) of Your Honor's Individual Practices. Plaintiff inadvertently did not submit such a letter, while Defendants filed such letter not with their opening papers, but rather, alongside their Reply on January 7, 2025. (ECF No. 40). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Parties respectfully request that the Court find excusable neglect, granting Plaintiff a retroactive extension to January 9, 2025, and granting Defendants a retroactive extension to January 7, 2025, for compliance with paragraph 2(C)(1) Your Honor's individual Practices.

    "Federal Rule of Civil Procedure 6(b)(1)(B) provides that courts may accept late filings from a party on motion made after the time has expired if the party failed to act because of excusable neglect." *Bloom v. Rock,* 2010 U.S. Dist. LEXIS 53995, at *33 (S.D.N.Y. May 27, 2010) (J. Buchwald) (granting a retroactive extension due to inclement weather). Courts consider "all relevant circumstances" including "(1) the danger of prejudice to the adversary, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the party seeking relief, and (4) whether the party seeking relief acted in good faith." *Grottano v. City of N.Y.,* 2021 U.S. Dist. LEXIS 241462, at *4 (S.D.N.Y. Dec. 17, 2021).

    Here, the delay was inadvertent and brief, and the requested extension would pose no danger of prejudice, as the parties have consented to their counterparts' extension requests. Furthermore, the extension should cause a *de minimis* disruption to the proceedings, as it delays the full

submission of this motion by two calendar days. The parties have acted in good faith by promptly seeking relief from Your Honor when they became aware of the errors.

    The Parties thank the Court for its consideration of this joint request.

                                                                       Respectfully Submitted,

```
Application granted.                    PHILLIPS & ASSOCIATES
So ordered.                             ATTORNEYS AT LAW, PLLC

    [signature]
   NAOMI REICE BUCHWALD                 [signature]
   UNITED STATES DISTRICT JUDGE         _____
                                        Michelle A. Caiola, Esq.
Dated: January 9, 2025                  Jonathan Goldhirsch, Esq.
       New York, New York               Attorneys for Plaintiff
                                        45 Broadway, Suite 430
                                        New York, New York 10006
                                        (212) 248-7431
                                        mcaiola@tpglaws.com
                                        jgoldhirsch@tpglaws.com
```

2