

*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK  10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

January 10, 2025

**Via ECF:**
The Honorable Naomi Reice Buchwald
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

               Re:    ***Crystal McKinney v. Combs, et. al.***
                      (Case: 24-cv-03931)

Your Honor:

    We represent Plaintiff Crystal McKinney in the above-referenced matter. In her Amended Complaint, Plaintiff brings suit pursuant to the Victims of Gender-Motivated Violence Prevention Act ("GMVA"), N.Y.C. Admin. Code § 8-901 *et. seq*. to address lifelong injuries caused by Defendant Sean Combs' sexual assault, physical abuse, and/or forcible drugging.[1] (ECF No. 19). In accordance with paragraph 2(C) of Your Honor's Individual Practices, Plaintiff writes to summarize the substantive arguments asserted in Plaintiff's Opposition to Defendants' Motion to Dismiss her Amended Complaint. (ECF No. 36). On January 8, 2025, Plaintiff submitted a FRCP 6(b)(1)(B) letter requesting a retroactive extension of the deadline to submit this letter. On January 10, 2025, Your Honor's Order was entered. (January 9, 2025, Order). Defendants' efforts to dismiss Plaintiff's complaint will be futile, as she sufficiently pled her claims and thus, should be afforded the opportunity to litigate her claims.

    **A.  Brief Factual Summary**

    Plaintiff is a former model. (Amended Complaint, ECF No. 19, ¶ 34-39). In February 2003, Plaintiff met Defendant Combs at the Sean John Fall 2003 Fashion Show, during which he plied her with alcohol. (*Id.* at ¶ 40). Following the event, Combs invited Plaintiff to his music studio, where Combs pressured Plaintiff to imbibe alcohol and take a hit of a joint. (*Id.* at ¶ 68-71). Upon information and belief, Combs provided Plaintiff with a laced joint, as she felt like she was floating after she took a hit. (*Id.* at ¶ 68-71). When Plaintiff became visibly intoxicated, Combs physically led her to the bathroom that adjoined the Demo Room. (*Id.* at ¶ 75). In the bathroom, Combs forced himself on Plaintiff, kissing her without consent, and coercing her to perform oral sex on him. (*Id.* at ¶ 77-79). Soon, Plaintiff's modeling opportunities dwindled, as upon information and belief, Combs had her "blackballed" and utilized his influence to impede her career. (*Id.* at ¶ 88-89). Plaintiff has suffered lifelong mental health & career injuries. (*Id.* at ¶ 88-98).

---

[1] In 2022, the NYC Council passed an amendment to the GMVA that creates a revival window allowing for plaintiffs to file previously time-barred claims until March 1, 2025. Plaintiff commenced this action on May 21, 2024, within the statutory revival window. *Stein v. Rockefeller Univ. Hosp.*, 2024 NYLJ LEXIS 1662 at *4 (Sup. Ct. N.Y. Cnty. May 23, 2024).

## B. The GMVA Is Not Preempted By State Law

Defendants' primary argument is that the GMVA is preempted by the Child Victim's Act ("CVA"), C.P.L.R. § 214-g and the Adult Survivor's Act ("ASA"), C.P.L.R. § 214-j. They assert that there is both 1) field preemption as the state enacted "a comprehensive state-wide statutory scheme," and (2) conflict preemption as the GMVA is in "direct conflict with the ASA's and CVA's mandates." (ECF No. 33, p.5, 7).

Defendants' preemption argument contradicts binding precedent in *Engelman*, in which the Court held that the GMVA is not preempted by the CPLR. *Engelman v. Rofe,* 194 A.D.3d 26 (App. Div. 1st Dep't 2021). In *Engelman*, the Court held that there was no preemption, as the GMVA "create[s] a civil rights remedy" (rather than creating a statute of limitations for assaults) and was "consistent with the City's broad policing power to enact legislation to protect its residents from discrimination, including gender-related violence." *Id.* at 25-26, 31. In reaching its conclusion, the Appellate Division held that New York State's passage of the New York State Human Rights Law did not preempt the New York City Human Rights Law. *Id.* at 31-32.

Furthermore, the *Engelman* Court explicitly rejected the Defendant's argument that the CVA field preempted state law, as "New York State has not evinced an intent to occupy the field with respect to the statute of limitations in this matter." *Engelman*, 194 A.D.3d at 30. Similarly, in *Doe v. Gooding*, the Court found that "local antidiscrimination laws are generally not preempted by state law in New York" and that the "[t]he VGM has been on the books for over two decades since its passage in 2000…" and has not explicitly or implicitly preempted it. 2022 U.S. Dist. LEXIS 68607, at *6 (S.D.N.Y. Apr. 13, 2022). In *Doe v. Black*, this Court again rejected the exact argument that Defendants make here: that state law field preempted the GMVA. 2024 U.S. Dist. LEXIS 175929 (S.D.N.Y. Sep. 27, 2024). In *Black*, the Court found that the state did not indicate an intent to occupy the field as "the CVA does not come close to enacting a comprehensive scheme," as "[t]he state did not create a commissioner or board with investigatory or enforcement power. The state did not impose direct controls at the local level. The state did not set forth comprehensive procedures for administrative and judicial review. Simply put, there is no detailed and comprehensive scheme." Id. at 15. Thus, as this Court has previously ruled that the state has not preempted the GMVA, Defendants' field preemption arguments must fail.

Lastly, applying *Engelman,* courts have repeatedly determined that there is no conflict preemption between the GMVA and the CVA. The GMVA "does not curtail or take away a right or benefit expressly given by the state" and the GMVA "does not act to prevent anyone from filing a claim under the CVA." *Black,* 2024 U.S. Dist. LEXIS 175929 at *17. There can be no collision where both laws "serve the same purpose" of allowing victims of assaults to seek justice after being assaulted. *Id.* at 18. Indeed, NY Senator Brad Hoylman-Sigal, co-author and sponsor of the CVA attested that the legislative intent behind the CVA was not to preempt the GMVA. (ECF No. 34-1). Thus, Defendants' preemption arguments must fail.

## C. The Corporate Defendants Are Liable Because The GMVA Applies Retroactively

Defendants argue that they cannot be held liable under the pre-amendment GMVA, and thus, such claims must also fail under the statute its 2022 post-amendment. (ECF No. 33, p. 9). Yet, a court must "apply the law in effect at the time it renders its decision, unless doing so would result

2

in manifest injustice or there is statutory direction or legislative history to the contrary." *Doyon v. U.S.*, 58 F.4th 1235 (Fed. Cir. 2023), *quoting* 416 U.S. 696, 711 (1974). As the amended statute unambiguously extends liability to "a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence," Plaintiff's claims are viable because the amendment is retroactive. N.Y.C. Admin. Code § 10-1104.

### D. The Corporate Defendants Are Liable Because They Enabled Combs' Sexual Assault

The Corporate Defendants also assert that they cannot be held liable under the GMVA because Plaintiff does not allege that they directly committed the assault. (ECF No.33, p.19). Defendants' position, that an employer must affirmatively act to impute liability for an employee's assault, ignores a clear reading of the statute. The GMVA creates liability for "a party who commits, directs, *enables*, participates in, or conspires in the commission of a crime of violence." N.Y.C. Admin. Code § 10-1104. (Emphasis added). Courts frequently find corporate liability where "the employer had actual or constructive knowledge of the employee's propensity for the sort of behavior which caused the injured party's harm; (2) the employer knew or should have known that it had the ability to control the employee and of the necessity and opportunity for exercising such control; and (3) the employee engaged in tortious conduct on the employer's premises or using property or resources available to the employee only through their status as an employee…" *Moore Charitable Found. v. PJT Partners, Inc.,* 40 N.Y.3d 150, 157 (2023).

Plaintiff has sufficiently pled facts that support the Corporate Defendants' liability under the law. Plaintiff alleges that the Corporate Defendants had actual or constructive knowledge of Combs' propensity to sexually assault women, as it "was an open industry secret," and "industry professionals regularly discussed that Combs engaged in forceful sex with women and made promises of career advancement." (AC ¶ 103-104). Furthermore, Plaintiff's allegations demonstrated how Combs utilized his elevated status and company resources to facilitate his sexual assault of Plaintiff. Plaintiff has pled that Defendant Combs was representing Sean John at the event where he met her, promised to help advance her career, gave his phone number under the guise of career mentorship, invited her to his music studio where he was recording an album, and sexually assaulted her in view of employees who viewed what happened. (AC ¶ 32-79). Other publicly filed suits corroborate that Combs utilized his employment status with Defendants and company resources to assault women.

Plaintiff's case mirrors that of *Ormond v. Weinstein*, in which the Court found that Harvey Weinstein's assault of an actress could be imputed to his employer *Miramax*. 2024 N.Y. Misc. LEXIS 22470 (Sup. Ct. N.Y. Cnty. Aug. 19, 2024). Ultimately the Court held that "Weinstein used his position at Miramax [as an officer of the studio], and his power to greenlight financing on her project per her film production agreement with Miramax, to facilitate his assault on her." *Id.* at 7. Like Weinstein, Combs' history of sexual violence was well-known or should have been known by a prudent employer. Thus, Corporate Defendants are liable for his assault, and for the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion be denied in its entirety.

Respectfully Submitted,

**PHILLIPS & ASSOCIATES**
**ATTORNEYS AT LAW, PLLC**

/s/ Michelle Caiola

Michelle A. Caiola, Esq.
Jonathan Goldhirsch, Esq.
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
(212) 248-7431
mcaiola@tpglaws.com
jgoldhirsch@tpglaws.com
