

**PHILLIPS & ASSOCIATES**
*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

February 4, 2025

**Via ECF:**

The Honorable Naomi Reice Buchwald
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   **Crystal McKinney v. Combs, et. al.**
(Case: 24-cv-03931)

*[Handwritten endorsement:* ENDORSEMENT Application denied. See e.g., Fed. R. App. P. 28(j). Naomi Reice Buchwald USDJ February 6, 2025*]*

Your Honor:

    We represent Plaintiff Crystal McKinney in the above-referenced case and write to respectfully request that Defendants' unauthorized sur-reply briefs be stricken from the record. On January 27, 2025, and February 4, 2025, Defendants improperly submitted reply briefs attaching caselaw regarding the New York City Gender Motivated Violence Act ("GMVA") in support of their pending Motion to Dismiss. (ECF No. 44, 45).[1] Defendants' filings were filed weeks after the submission of all Motion to Dismiss papers on January 10, 2025. (ECF No. 43). Given that Defendants filed their sur-reply briefs in violation of your Individual Practices, the Federal Rules of Civil Procedure, and the Local Civil Rules, Plaintiff respectfully requests that these unauthorized briefings be stricken from the record.

    Your Honor's Individual Practices explicitly prohibits sur-replies, as "[s]urreply briefs are not allowed, absent specific permission from the Court for good cause."[2] Furthermore, "neither the Federal Rules of Civil Procedure nor the Local Civil Rules of the court authorize litigants to file sur-replies." *SEC v. Xia*, 2022 U.S. Dist. LEXIS 126176, at *2 n.1 (E.D.N.Y. July 15, 2022).[3] "[T]he decision to permit a litigant to submit a [sur-reply] is a matter left to the Court's discretion..." *Adams v. Annucci*, 2023 U.S. Dist. LEXIS 53307, at *7 n.4 (S.D.N.Y. Mar. 28, 2023) (holding that the court would not consider the sur-replies as the plaintiff failed to seek leave to file them); *see also Laguerre v. Nat'l Grid USA*, 2022 U.S. App. LEXIS 6328, at *11 n.7 (2d Cir. Mar. 11, 2022) (reaffirming the District Court's dismissal of an unauthorized sur-reply).

---

[1] Plaintiff does not substantively address Defendants' caselaw in this letter, as their submissions were procedurally deficient and responding "has the potential for placing [the] court in the position of refereeing an endless volley of briefs." *Bronx Conservatory of Music, Inc. v. Kwoka*, 2024 U.S. Dist. LEXIS 1838, at *4 (S.D.N.Y. Jan. 4, 2024).
[2] Hon. Naomi Reice Buchwald, U.S. District Judge, Individual Practices of Naomi Reice Buchwald (Jan. 2025), https://www.nysd.uscourts.gov/sites/default/files/practice_documents/NRB%20Buchwald%20Individual%20Practices%20January%202025.pdf.
[3] Defendants' counsel of record is undoubtedly aware that Circuit precedent requires advance permission before filing sur-replies, as they submitted a letter on September 30, 2024, requesting that a plaintiff's sur-reply be stricken from the record in another matter. *Doe v. Combs, et. al.*, No. 23-cv-10628 (ECF No. 65) (filed September 30, 2024). On October 1, 2024, Judge Jessica L. Clarke granted Defendants' request and struck the sur-reply. *Id.* at ECF No. 66.

1

Given that "sur-replies are generally not accepted unless a litigant first seeks permission to file the sur-reply from the Court," Plaintiff respectfully that Defendants' unauthorized sur-replies be stricken from the docket and not be considering in review of the pending Motion to Dismiss. *Davidoff v. Vanguard Grp., Inc.*, 2024 U.S. Dist. LEXIS 205523, at *29 (E.D.N.Y. Nov. 12, 2024).

We appreciate your consideration.

Respectfully Submitted,

**PHILLIPS & ASSOCIATES ATTORNEYS AT LAW, PLLC**

Michelle A. Caiola, Esq.
Jonathan Goldhirsch, Esq.
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
(212) 248-7431
mcaiola@tpglaws.com
jgoldhirsch@tpglaws.com

2